# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARK ENGEL, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:20-00082-KD-N |
| | ) |
| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY, *et al.*, | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on the motion to remand under 28 U.S.C. § 1447(c) (Doc. 28) filed by the Plaintiff, Mark Engel. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/13/2020 electronic reference). Upon due consideration, the undersigned will recommend that the Court deny Engel's motion to remand.[1]

When a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). Defendants Liberty Mutual Insurance Company and Worley Claims Services, LLC (collectively, "the Removing Defendants") removed this case to this Court under 28 U.S.C. § 1441(a) on February 12, 2020, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction over their causes of action.

---

[1] The undersigned finds that briefing on the motion prior to entry of this recommendation is unnecessary, as Engel's grounds for remand are clearly without merit.

*See* (Doc. 1); 28 U.S.C. § 1446(a) (notice of removal must "contain[] a short and plain statement of the grounds for removal").[2]  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Thus, a " 'party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.' " *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)).  *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[3]  Diversity jurisdiction also requires that "the matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 & n.4 (11th Cir. 2010).

Engel, who concedes he is an Alabama citizen,[4] argues that the Removing Defendants have failed to demonstrate the Defendants' citizenships, and also appears to

---

[2] Engel devotes a substantial portion of his motion to remand arguing that there is no federal question jurisdiction over this case under 28 U.S.C. § 1331.  While this is true, the Removing Defendants never asserted otherwise in their notice of removal.

[3] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).  "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[4] *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.").

suggest that complete diversity does not exist among the parties because "Defendants regularly do business in the State of Alabama, have offices in the state of Alabama, and has officers in the state of Alabama." (Doc. 28, PageID.383). Engel is incorrect on both counts.[5] The notice of removal alleges that the two corporate defendants, Liberty and Donan Engineering Company, Inc., are, respectively, "a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts[,]" and "a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Indiana." (Doc. 1, PageID.2-3). These allegations, unchallenged by Engel, are sufficient to demonstrate that Liberty and Donan are citizens of Massachusetts and Indiana, respectively, and are therefore diverse from Engel. *See* 28 U.S.C. § 1332(c)(1) (subject to an inapplicable exception, for purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").[6]

The notice of removal also properly establishes the citizenships of the remaining defendants, all limited liability companies, by alleging the citizenships of their members. *See* (Doc. 1, PageID.3-5); *Americold Realty Trust v. Conagra Foods, Inc.*, 136

---

[5] The notice of removal plausibly alleges that amount in controversy is satisfied, Engel does not contest amount in controversy, and the undersigned finds no reason to question it *sua sponte*. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required … only when the plaintiff contests, or the court questions, the defendant's allegation.").

[6] That the corporate defendants may "have offices in the state of Alabama," as Engel claims (see Doc. 28, PageID.383), does not make them citizens of Alabama. As § 1332(c)(1) makes clear, what matters for purposes of diversity jurisdiction is the state where a corporation has its <u>principal</u> place of business, not every state in which it has an office.

S. Ct. 1012, 1016 (2016) (reaffirming rule that when an artificial entity party "is unincorporated, … it possesses the citizenship of all its members"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen … . To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company…"). Those allegations indicate that none of the LLC defendants' members is a citizen of Alabama, and Engel does not challenge those allegations either.[7] Therefore, complete diversity of citizenship has been sufficiently demonstrated.

---

[7] Engel appears to operate under the mistaken belief that the parties' citizenships must be ascertained from the allegations in his state court complaint to support removal jurisdiction, based on a stray sentence from *Manguno v. Prudential Property & Casualty Insurance Co.*, 276 F.3d 720 (5th Cir. 2002), stating that, "[t]o determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." 276 F.3d at 723. That overbroad statement was made in the context of determining whether § 1332(a)'s requisite amount in controversy was satisfied – the parties in *Manguno* "concede[d] that complete diversity exists…" *Id.* Regardless, *Manguno* is not binding on this Court, and the Eleventh Circuit has repeatedly indicated that a removing defendant bears the burden of alleging the parties' citizenships in the notice of removal. *Rolling Greens*, 374 F.3d at 1022 ("Here, Comcast, the removing party, failed to adequately allege in its notice of removal the citizenships of itself or of Rolling Greens."); *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by [28 U.S.C.] § 1653."). *See also* 14 Joan E. Steinman, *et al.*, Fed. Prac. & Proc. Juris. (Wright & Miller) § 3723 (Rev. 4th ed.) ("The district court's inquiry cannot be limited to the complaint, as it often can be when removal is based on federal-question jurisdiction, because certain matters critical for determining diversity jurisdiction, such as the citizenship of the parties or the amount in controversy, may not appear in the state-court complaint."); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("The Wentworth Parties' removal notice failed to allege complete diversity because it did not adequately allege the citizenship of every party; that is, it failed to allege the citizenship of each member of the many LLC- and partnership-litigants." (footnote omitted)). Indeed, even for determining amount in controversy, the Eleventh Circuit has held that, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal…" *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th

Lastly, Engel also claims that the Defendants have waived the right to remove this case because one of the Defendants, Lowe's, filed a motion to dismiss in state court prior to removal. However, the Eleventh Circuit has "held 'that the removing defendant did not waive its right of removal by filing a motion to dismiss the plaintiff's complaint while the case was still pending in state court.' " *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 n.10 (11th Cir. 2008) (quoting *Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004)). And even if Lowe's could be said to have waived its right to remove by filing its motion to dismiss in state court, the Removing Defendants filed no such motions prior to removal, and therefore did not waive their separate right to remove, as provided by 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal.").

In accordance with the foregoing analysis, the undersigned, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), **RECOMMENDS** that Engel's motion to remand (Doc. 28) be **DENIED**.

**DONE** this the 17th day of March 2020.

                                               */s/ Katherine P. Nelson*
                                               **KATHERINE P. NELSON**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

Cir. 2001). Likewise, because Engel's state court complaint did not sufficiently allege facts establishing the parties' citizenships for purposes of § 1332(a), the Court can look to the notice of removal for such allegations.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.