# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARK ENGEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 20-00082-KD-N** |
| | ) | |
| **LIBERTY MUTUAL INSURANCE** | ) | |
| **COMPANY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This action is before the Court on Plaintiff Mark Engel's Motion to Substitute Party and

Defendant Liberty Mutual Insurance Company's response (docs. 24, 25). Engel moves to

substitute Liberty Insurance Corporation for Liberty Mutual. Engel states that Liberty Insurance

is the proper defendant. Defendant Liberty Mutual does not oppose the motion, but requests

seven (7) days after Engel's motion is granted, for Liberty Insurance to respond to the Complaint

Engel cites Rules 17 and 25 of the Federal Rules of Civil Procedure. Rule 25 applies to

substitution of parties upon death or incompetency, transfer of interests, or when a public officer

dies or is separated from service. Therefore, Rule 25 does not apply. In relevant part, Rule 17(a)

applies to prosecution of an action in the name of the real party in interest and identifies who

may sue and in what capacity. Therefore, Rule 17 does not apply. <u>International Importers, Inc. v.</u>

<u>International Spirits & Wines, LLC,</u> No. 10-61856-CIV, 2011 WL 7807548, at *12 (S.D. Fla.

July 26, 2011) ("The defendants correctly note that Rule 17 is not the proper vehicle for

substituting a party defendant. . . . Rule 17 allows courts to substitute the proper party to

*prosecute* a case. This rule applies to plaintiffs, not defendants.") (italics in original) (citing

<u>Salazar v. Allstate Tex. Lloyd's, Inc</u>., 455 F.3d 571, 573 (5th Cir.2006) (stating that "[b]y its

terms ... rule 17(a) applies only to plaintiffs")).

However, Engel may drop or add a party pursuant to Rule 21, which states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The analysis is similar to that of a motion to amend the complaint under Rule 15(a). Olivera v. W.S. Badcock Corp., 2020 WL 70973, at *1 (M.D. Fla. Jan. 7, 2020) ("District courts have analyzed motions under Rule 21 similar to motions under Rule 15.") (collecting cases). In that regard, at this stage in the litigation, and absent the written consent of all defendants, Rule 15(a)(2) applies and instructs the district court that it "should freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The motion is timely. The court has not yet entered a Rule 16(b) Scheduling Order. Thus, the parties have time to conduct discovery regarding the proper parties such that there does not appear to be any undue prejudice to the Defendants. The docket does not indicate that Engel has engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure

deficiencies. Adding the proper defendant, Liberty Insurance, does not appear to be futile.

Since the Court has not ascertained any substantial reason to deny Engel's motion, and because at least one Defendant, Liberty Mutual, does not oppose substitution, the interests of justice indicate that amendment should be allowed. Therefore, any **objection** by the other Defendants shall be filed on or before **April 10, 2020**. **If no objections are filed, then the motion is GRANTED,** without further action by this Court, the parties are instructed that all subsequent filings shall reflect the substituted Defendant Liberty Insurance, and the Clerk is directed to edit the style of the case to reflect this substitution.

Liberty Insurance Corporation shall file on or before **April 24, 2020,** any response to the Complaint.

DONE and ORDERED this the 3rd day of April 2020.


<u>s/ Kristi K. DuBose</u>
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE