IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ENGEL,          ) | |
|     Plaintiff,          ) | |
| )| |
| v.          ) | CIVIL ACTION NO. 1:20-00082-KD-N |
| )| |
| LIBERTY MUTUAL INSURANCE          ) | |
| COMPANY, *et al.*,          ) | |
|     Defendants.          ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 22) filed by Defendant Lowe's (identifying itself as Lowe's Home Centers, LLC) (hereinafter, "Lowe's"). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/6/2020 electronic reference). The Plaintiff, Mark Engel, has filed no response to the motion, the deadline to do so has passed, and the motion is now under submission (*see* Doc. 23).[1]

Engel initiated this case by filing a complaint in the Circuit Court of Mobile County, Alabama, on December 21, 2019 (Doc. 1-2, PageID.25-83), and he has not

---

[1] Under Federal Rule of Civil Procedure 81(c)(2) ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed."), Lowe's untimely filed its Rule 12(b)(6) motion. However, as Engel has not objected to the motion as untimely, the undersigned, in the exercise of discretion, will not recommend that Lowe's motion be denied on this basis and will instead consider its merits.

attempted to amend the complaint since this case was removed to this Court on February 12, 2020 (*see* Doc. 1). Count I of the three-count complaint alleges a claim for negligence against all Defendants arising out of allegedly improper mitigation and repair work performed on Engel's house. The other two counts allege breach-of-contract and bad faith claims only against Defendant Liberty Mutual Insurance Company. Lowe's correctly points out that, while it is named as a defendant in the style of the complaint, *see* (Doc. 1-2, PageID.25), Ala. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties…"), and in the section headed "Parties" (*see* Doc. 1-2, PageID.27), the complaint is devoid of any substantive allegation indicating that Lowe's in any way participated in or was responsible for the actions underlying Engel's negligence claim. Indeed, apart from being listed in the "Parties" section, Lowe's is not mentioned at all in the body of the complaint.

"Under Federal Rule of Civil Procedure 8(a)(2),[2] a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations and some quotations omitted).

---

[2] *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

For the reasons explained above, the undersigned agrees with Lowe's that Engel's complaint fails to allege sufficient factual matter plausibly suggesting that it is responsible for any of the misconduct alleged. Engel, despite being given the opportunity to do so (*see* Doc. 23), has not attempted to argue otherwise. Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the motion to dismiss filed by Lowe's (Doc. 22) be **GRANTED**, and that Engel's claims against Lowe's in this action be **DISMISSED with prejudice** under Rule 12(b)(6).

**DONE** this the 8th day of April 2020.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.