IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ENGEL, <br>     Plaintiff, | ) <br> ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:20-00082-KD-N <br> ) |
| LIBERTY INSURANCE <br> CORPORATION, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

This action is before the Court on the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 18) filed by Defendant Donan Engineering Company, Inc. ("Donan"). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/4/2020 electronic reference). In accordance with the Court's briefing schedule (Doc. 31), the Plaintiff, Mark Engel, has filed timely filed a response (Doc. 38) in opposition to the motion, and Donan has timely filed a reply (Doc. 48) to the response. Donan's motion is now under submission and ripe for disposition. Upon due consideration, and for the reasons explained herein, the undersigned will **RECOMMEND** that Donan's motion be **GRANTED**.

Engel initiated this case by filing a complaint in the Circuit Court of Mobile County, Alabama, on December 21, 2019 (Doc. 1-2, PageID.25-83), and he has not attempted to amend the complaint since this case was removed to this Court on February 12, 2020 (*see* Doc. 1). Count I of the three-count complaint alleges a claim for negligence against all Defendants arising out of allegedly improper

mitigation and repair work performed on Engel's house. The other two counts, alleging breach-of-contract and bad faith claims, are asserted only against Defendant Liberty Insurance Corporation ("Liberty").[1]

Per the well-pleaded allegations in Engel's complaint,[2] Engel's house in Semmes, Alabama sustained water damage on June 30, 2017. (Doc. 1-2, PageID.27, ¶¶ 15 – 16). At the time, the house was insured by Liberty. (*Id.*, ¶ 17). After being contacted, Liberty sent an adjustor to evaluate the damage. (*Id.*, ¶ 18). After the adjustor confirmed the damage to the house was covered by the insurance policy, Liberty retained the services of other defendants in this action to perform mitigation work on the house, which included drying out the moisture and performing repairs. (*Id.*, PageID.27-28, ¶¶ 19-20). Liberty also hired Donan to

---

[1] The complaint initially named Liberty Mutual Insurance Company as a defendant, but the Court has since substituted Liberty Insurance Corporation for Liberty Mutual Insurance Company on Engel's unopposed motion (*See* Docs. 24, 25, 43).

[2] In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

review repairs and ensure they were done properly. (*Id.*, PageID.29, ¶ 32). Engel took up residence in the house after he was informed that all repairs had been made and the house was ready to be occupied. (*Id.*, PageID.28, ¶ 21). Engel contends that the mitigation work was not properly performed, but that Liberty has refused to cover any additional repairs. (*Id.*, PageID.28-30, ¶¶ 21-25, 33-34). Engel alleges that "Donan's report incorrectly claimed there was no evidence of further water damage." (*Id.*, PageID.29, ¶ 33).

Under Alabama law,[3] "[t]he existence of a duty to the plaintiff is fundamental to a negligence claim[,]" and "[w]hether a legal duty exists is a question of law." *Patrick v. Union State Bank*, 681 So. 2d 1364, 1367-68 (Ala. 1996) (quotation omitted) (alterations added). Donan argues that Engel cannot assert a negligence claim against it because at all times relevant to the complaint it was acting as an outside professional hired by insurance company Liberty to investigate an insurance claim; thus, Donan owed a duty only to Liberty, and not to the insured Engel. The undersigned agrees.

In *Akpan v. Farmers Insurance Exchange, Inc.*, 961 So. 2d 865 (Ala. Civ. App. 2007), on which Donan primarily relies, the Alabama Court of Civil Appeals, answering "a question of first impression in Alabama[,]" held that "an independent

---

[3] "A federal court sitting in diversity applies the substantive law of the state in which it sits, including that state's choice of law." *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1444 (11th Cir. 1991). "Alabama applies the traditional doctrine[] of … *lex loci delicti* to tort claims[, which] requires the court to 'determine the substantive rights of an injured party according to the law of the state where the injury occurred.' " *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004) (quoting *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991)). Here, Engel's negligence claim is substantively governed by Alabama law, as the injury occurred to Engel's property located in that state. Moreover, Donan and Engel agree that Alabama law applies to the negligence claim.

adjustor or investigator that was hired by an insurance company to investigate or adjust the claim of one of its insureds" does not owe a duty to the insured, but "only to the insurance company that hired it." 961 So. 2d at 873-874. At least two opinions from Alabama federal district courts have rejected a narrow technical reading of "adjustor or investigator," instead finding that "[t]he plain and definite principle set forth in *Akpan* is that outside investigators, adjusters and <u>other professionals</u> hired by an insurance company owe their duty to the insurance company and not the insured." *Haddix v. Teachers Ins. Co.*, No. 2:18-CV-662-ECM-DAB, 2018 WL 7568369, at *4 (M.D. Ala. Dec. 14, 2018) (emphasis added), *report and recommendation adopted*, 2019 WL 1460876 (M.D. Ala. Apr. 2, 2019). *See also Saint Joseph Baptist Church v. Am. States Ins. Co.*, No. CV 10-00132-KD-N, 2010 WL 11618965, at *6 (S.D. Ala. July 7, 2010) ("The court is not persuaded by Saint Joseph's argument that Wilbourn's engineering license distinguishes his duty from other insurance claims investigators or adjusters under Alabama law. Saint Joseph cites no case in which an independent investigator hired by the insurance company to investigate an insurance claim was held to owe a duty to the insured simply because he was licensed as an engineer. No Alabama court has made that distinction. Other jurisdictions have specifically rejected such a premise." (footnote omitted)), *report and recommendation rejected on other grounds*, 2010 WL 11661242 (S.D. Ala. Aug. 18, 2010).[4]

---

[4]  Engel argues that *Akpan* is inapplicable because in that case the insurer was granted summary judgment over the plaintiffs' failure to comply with a duty-to-cooperate condition precedent in the insurance policy by meeting with the insurer upon request, whereas here "there has been no refusal by the Plaintiff to corporate with the insurance company in any way, shape, or form." (Doc. 38, PageID.421-422, ¶¶ 15-19). As Donan correctly points out, however, Engel's view of *Akpan* is incomplete, as he fails to appreciate that the *Akpan* plaintiffs sued, <u>in</u>

"Where … the state supreme court has not addressed the issue, '[a] federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.' " *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 820 (11th Cir. 1985) (per curiam) (quoting *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983)).  The parties have not cited, nor has the undersigned located, any case law from the Alabama Supreme Court that squarely addresses, as *Akpan* did, the issue of whether an independent adjustor or investigator hired by an insurance company to investigate or adjust the claim of one of its insureds owes a duty to the insured.  However, Engel argues that § 324A of the Restatement (Second) of Torts,[5] as applied by the Alabama Supreme Court in *Beasley v. MacDonald Eng'g Co.*, 287 Ala. 189 (1971), supports a finding

---

addition to their insurer, the company hired by the insurer to investigate and adjust the claims, and the company employee who actually performed the investigation. In affirming the trial court's grant of summary judgment in favor of the independent adjustor and its employee on the insured's negligence claims against them, *Akpan* expressly held that the adjustor and its employee owed no duty to the insureds, only the insurer that hired them.
   To the extent Engel argues that *Haddix* should not be considered persuasive because "that case specifically set out that the insurance company's adjustor could not be held responsible[,]" (*id.*, PageID.422, ¶ 20), the undersigned disagrees, since that finding was based on a straightforward application of *Akpan*.

[5] "Liability to third persons for negligent performance of undertaking. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

that Donan can be liable to him for its allegedly negligent inspection of Engel's house.[6]

The Alabama Supreme Court "recognized in *Beasley* the common law right of recovery for negligent inspection…" *Ranger Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 410 So. 2d 40, 41 (Ala. 1982). However, "that case concerned a right of recovery by injured workers against a workmen's compensation insurance carrier for negligent safety inspections. The duty assumed by the carrier was the employer's duty to its employees to provide a reasonably safe place to work. That is, the carrier was liable to third persons, e.g., employees, for negligent performance of the undertaking." *Id.* Thus, as recognized in *Beasley*, "[t]he tort of negligent inspection is based on the theory that when an insurer undertakes the performance of the duty owed by the insured to a third party, the insurer may be liable to that third-party if the third-party was injured as the proximate result of the insurer's failure to exercise reasonable care in said performance." *Armstrong v. Aetna Ins.*

---

[6] To the extent Engel suggests that this Court can simply apply its own interpretation of Restatement (Second) of Torts § 324A to second-guess *Akpan*, he is mistaken. Section 324A, like the rest of the Restatement (Second), simply sets forth general principles to guide tort law. Though *Akpan* did not cite to § 324A, or indeed any section of the Restatement (Second), in reaching its relevant holding, it did preface that holding with citations to other authority generally discussing how a legal duty is determined under Alabama law for purposes of a negligence claim. *See Akpan*, 961 So. 2d at 873. In the absence of any indication the Alabama Supreme Court would decide the issue differently, this Court cannot second-guess the Alabama Court of Civil Appeals's interpretation of Alabama tort law. "This is true, even if the federal court does not agree with that state court's reasoning or the outcome which the decision dictates." *Provau*, 772 F.2d at 820 (citing *Silverberg*, 710 F.2d at 690). *Cf. Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (categorically rejecting any exception to the Eleventh Circuit's "prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time").

*Co.*, 448 So. 2d 353, 355 (Ala. 1983) (citing Restatement (Second) of Torts § 324A (1976) and *Beasley*).

As Donan points out, the Alabama Supreme Court has distinguished *Beasley* from cases where, as here an insured asserts a cause of action for negligent inspection against his insurer, reasoning as follows:

> In the instant case, … plaintiffs do not present a situation where an injured employee or some other third person claims negligent inspection by the insurer, but claim under a first person theory in which the insured alleges that it is entitled to benefit from the insured's inspection. Plaintiffs urge this court to ignore the relationship between the parties and to extend the common law right of recovery for negligent performance of a voluntary undertaking to claims based upon a first person theory of liability.
>
> In *Hartford Steam Boiler Inspection and Insurance Company v. Pabst Brewing Company*, 201 F. 617 (7th Cir. 1912), the United States Court of Appeals for the Seventh Circuit addressed the issue of negligent inspection in a tort action brought by an insured against its insurer, Hartford. The court stated that "(t)he service and duty (of Hartford) are not derived from the insurance contract, and it is not essential to define their origin as contractual or otherwise. This doctrine of duty incurred and of liability for injurious negligence in its performance is of common-law origin." *Id.* at 630. The recognition of this general principle, however, was followed by an exception:
>
>> (N)o such rule of duty obtains in favor of the assured where the inspections are attributable alone to the policy provision for the sole benefit of the insurer, which would leave no ground for a finding of fact that they were understood between the parties to be made and accepted as inspection service for direct benefit to the Brewing Company (insured).... (*Id.* at 629.)
>
> The facts of this case fall within that exception.[7] It is undisputed that Hartford voluntarily inspected the equipment in question. Nonetheless,

---

[7] The Alabama Supreme Court later clarified: "While *Ranger Insurance* uses the

> according to the Seventh Circuit in *Pabst*, in order to establish a legal duty owed by Hartford, plaintiffs must have evidence that the insurance inspection was an undertaking for the benefit of plaintiffs (the insured). No such evidence has been presented.

*Ranger Ins.*, 410 So. 2d at 41.

While *Ranger Insurance* indicates that an insurer can be found to owe a duty supporting a negligent inspection claim if the inspection was undertaken for the benefit of the insured, it is not inconsistent with *Akpan*'s holding that an independent inspector hired by the insurance company to perform that inspection owes no separate duty to the insured such that it would also be liable to the insured for the same negligent inspection. In so holding, *Akpan* recognized that imposing a separate duty to the insured on an independent adjustor or inspector " 'in these circumstances would work a fundamental change in the law.' " 961 So. 2d at 873 (quoting *Meineke v. GAB Bus. Servs., Inc.*, 195 Ariz. 564, 567–68 (Ct. App. 1999)). More specifically, *Akpan* reasoned:

> "The law of agency requires a duty of absolute loyalty of the adjuster to its employer, the insurer.... The independent adjuster's obligation is measured by the contract between the adjuster and the insurer. The adjuster that contracts to perform a $200 investigation is not obligated to expend the same effort that might be reasonable for a fee of $2000, nor is it obligated to continue when the insurer advises it to stop. Creating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer."

---

term 'exception to the rule' (and this is because it is so expressed in the authorities relied upon), … in the purest sense, its holding of no liability is not an 'exception'; rather, the *Ranger Insurance* facts, as well as the *Pabst Brewing* facts, do not invoke the operative effect of the 'gratuitous undertaking' doctrine." *Rudolph v. First S. Fed. Sav. & Loan Ass'n*, 414 So. 2d 64, 68 n.2 (Ala. 1982).

*Id.* (quoting *Meineke*, 195 Ariz. At 568)).

Here, Engel's complaint acknowledges that Liberty hired Donan to review the repairs Liberty had done to Engel's house as part of Liberty's fulfilling a covered claim – in other words, to investigate that claim.  Nothing in the complaint plausibly indicates that Donan and Engel had reached an understanding that Donan's inspection was for Engel's direct benefit, or that Donan was acting in any capacity other than as an independent contractor hired to perform an insurance inspection for Liberty.  Indeed, Engel acknowledges in his response brief that "the insurance company t[ook] sole responsibility for repair of the home" and that he was "not allowed to make any changes or adjustments sought to be done."  (Doc. 38, PageID.422, ¶ 21).  Under *Akpan*'s holding, then, Donan owed no separate duty to Engel in performing its inspection for Liberty; therefore, Donan cannot be liable to Engel for negligence in performing the inspection.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Donan's motion to dismiss (Doc. 18) be **GRANTED** and that Engel's lone claim against Donan in this action be **DISMISSED with prejudice** under Rule 12(b)(6).

**DONE** this the 24th day of April 2020.

>  */s/ Katherine P. Nelson*  
> **KATHERINE P. NELSON**  
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.