**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARK ENGEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 20-00082-KD-N** |
| | ) | |
| **LIBERTY MUTUAL INSURANCE COMPANY, *et al*.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on the motion for leave to file third party complaint against Gulf States General Contractors, Inc. filed by Alacrity Renovation Services, LLC (doc. 68).[1] Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure, Defendant Alacrity may "as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Alacrity filed its motion more than fourteen days after its answer. Therefore, the Court must determine whether leave should be granted.

Alacrity points out that Plaintiff Mark Engel alleges facts related to his insurance claim with Defendant Liberty Insurance Company for water damage to his home, water damage mediation work performed by Defendants Pro Construction LLC d/b/a Complete DKI and Alacrity, and post-damage "repairs completed by an unnamed party." (doc. 68, p. 2). Alacrity asserts that Gulf States is the unnamed party that repaired Engel's home, and seeks leave to file a third party complaint

[1] The parties were given an opportunity to respond to the motion. No responses were filed.

against Gulf States.

In the proposed third party complaint, Alacrity explains that it "matches insured's claiming water damage with water mediation contractors" for insurance carriers (doc. 68-1). At Liberty's direction, Alacrity assigned DKI to work on Engel's home. Alacrity alleges that Engel's complaint contains numerous references to improper repairs to the home, and that "[u]pon information and belief, the 'improper' repairs … were completed by Gulf States, which is "owned and managed by Plaintiff's brother, Daniel Engel." (doc. 68-1).

Alacrity brings Count One for negligence alleging that "Gulf State owed a duty to [Engel] to repair [Engel's] home following the June 30, 2017 water loss such that it was safe, suitable for habitation, free from structural, latent and other defects, and built to code" and that Gulf States breached that "duty by negligently and improperly repairing" Engel's home (doc. 68-1, p. 4-5). Alacrity then alleges that as a "proximate cause" of Gulf States' negligence, Engel filed suit against Alacrity for damages for the negligent repairs. Alacrity then claims that

> Alacrity has incurred, and will continue to incur, damages as a proximate result of Gulf State's negligent and improper actions and inactions, and other wrongful acts. Said damages include, but are not limited to, Alacrity's costs and expenses incurred defending against Plaintiff's present lawsuit.

(Doc. 68-1, p. 5).

Alacrity brings Count Two for wantonness alleging that "Gulf State owed a duty to [Engel] to repair [Engel's] home following the June 30, 2017 water loss such that it was safe, suitable for habitation, free from structural, latent and other defects, and built to code" and that Gulf States breached that "duty by wantonly, recklessly disregarding the consequences, and intentionally disregarding the property of" Engel "by improperly repairing" Engel's home (doc. 68-1, p. 5). Alacrity then alleges that as a "proximate cause" of Gulf States' wantonness, Engel filed suit

against Alacrity for "damages to his home" (Id., p. 6). Alacrity then claims that

> Alacrity has incurred, and will continue to incur, damages as a proximate result of Gulf State's wanton and negligent actions and inactions, and other wrongful acts. Said damages include, but are not limited to, Alacrity's costs and expenses incurred defending against Plaintiff's present lawsuit.

(Doc. 68-1, p. 6).

To obtain leave of Court, Alacrity must show that Gulf States "is or may be liable" to Alacrity "for all or part" of Engel's claim against Alacrity, Fed. R. Civ. P. 14(a)(1).[2] But Alacrity does not allege how Gulf States is liable to Alacrity. See Brinker Int'l, Inc. v. Frymaster/Dean, No. 5:05-CV-727-VEH, 2006 WL 8436682, at *3 (N.D. Ala. May 23, 2006) ("Accordingly, to survive a motion to dismiss, it is critical that in its complaint, a third-party plaintiff clearly articulate the derivative liability that exists based on the facts of the case."). Instead, the proposed third party complaint alleges claims for breach of Gulf States' duties to Engel. "Under Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*." Owen Equip. &

[2] Engel's complaint alleges generally that Defendants' negligent or improper post-water damage repairs began to appear when he returned to his home (doc. 1-2, p. 14-15). He alleges that when this was brought to Defendant Liberty's attention, "Defendants still refused to properly repair the property" and his home is damaged "as a direct result of the mitigation and improper repairs done by the Defendants." (Id., p. 15). In Count One for negligence, Engel alleges that Defendant Liberty "hired the contractor to make the necessary repairs", hired Defendant "Complete DKI to mitigate the damages to the house and prepare the property for the repairs. They [(DKI and Alacrity)] were hired to dry the house and remove the moisture so the proper repairs could take place" and that the "repairs were not properly done, nor was the mitigation of the water damage" (Id., p.16). Engel specifically alleges that "Complete DKI had a duty to properly remove the water damage and insure the house was 'dry' so the repairs could begin", that "Alacrity Services had a duty to properly remove the water damage and insure the house was 'dry' so the repairs could begin" and that [Defendant] "Complete DKI represented the moisture had been removed from the house and the house was ready for repairs." (Id., p. 17). Thus, while Engel claims improper repairs generally by the Defendants, his negligence claim against Alacrity is directed to the mitigation of the water damage.

Erection Co. v. Kroger, 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (emphasis in original); Arlan Asset Mgmt., LLC v. A.F.A.B. Contractors, Inc., No. 3:17CV775-MCR/EMT, 2018 WL 6720412, at *3 (N.D. Fla. June 1, 2018) (same) (citing Owens Equip. & Erection Co. v. Kroger).

In other words, Gulf States may not be impleaded because it might be liable to Engel for negligent or wanton repairs to his home. Instead, to succeed on its motion, Alacrity must show how Gulf States is liable to Alacrity for the claims that Engel has made against Alacrity. "A third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me;' such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part of anything I must pay plaintiff.'" Kohl's Dept. Stores, Inc. v. Target Stores, Inc., 214 F.R.D. 406 (E.D. Va. 2003).

The law is well-settled that the third-party's liability must be in some way derivative of the outcome of the primary suit against the original defendant. United States v. Olavarrieta, 812 F.2d 640 (11th Cir.1987); Arlan Asset Mgmt., LLC, 2018 WL 6720412, at *3 ("Impleader, or third-party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim.") (quoting Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982)); see also U.S. Distributors, Inc. v. Block, No. 09-21635-CIV, 2010 WL 337669, at *2 (S.D. Fla. 2010) ("Rule 14 is most commonly used in cases 'in which the third-party defendant is obligated by contract to indemnify the defendant against the liability on which the plaintiff has sued,' for 'contribution among joint tortfeasors,'[3] where

[3] Colony Ins. Co. v. Al & Sons Corp., No. 3:14-CV-1051-WHA-TFM, 2015 WL 3850115, at *3 (M.D. Ala. June 22, 2015) ("In Alabama, the 'general rule' is that "in the absence of a statutory or

subrogation is appropriate because 'the third-party defendant's liability arises from rights which the defendant acquires from the plaintiff,' or 'based on a breach of an express or implied warranty.'") (citation omitted).

DONE and ORDERED this the 14th day of September 2020.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

contractual basis otherwise, there is no contribution or indemnity among joint tortfeasors.' Parker Towing Co. v. Triangle Aggregates, Inc., 143 So.3d 159, 167 (Ala.2013) (citations omitted). However, "a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom the indemnity is claimed was the proximate or primary cause of the injury." Crigler v. Salac, 438 So.2d 1375, 1385 (Ala.1983) (citing Mallory S.S. Co. v. Druhan, 84 So. 874, 877 (Ala. Ct. App. 1920))").