IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ENGEL,<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) CIVIL ACTION NO. 1:20-00082-KD-N<br>) |
| LIBERTY MUTUAL INSURANCE<br>COMPANY, *et al.*,<br>    Defendants. | )<br>)<br>) |

## ORDER

This action is before the Court on the Report and Recommendation entered by United States Magistrate Judge Katherine P. Nelson as to the partial motion to dismiss filed by Defendant Liberty Insurance Corporation (Doc. 92), Defendant Liberty Insurance Corporation's Objections (Doc. 97), Plaintiff Mark Engel's Response to Defendant Liberty Insurance Corporation's Objections (Doc. 103). After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation (Doc. 92) of the Magistrate Judge made pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b) and S.D. Ala. GenLR 72(a)(2)(S), it is **ADOPTED in part** as to Count III as the opinion of this Court. Specifically, the Court **ADOPTS** the recommendation of the Magistrate Judge as to the bad faith claim (Count III) to include the following **ADDITIONAL** finding:

> As to the claim of bad faith, the issue of whether Liberty's engineer report constitutes a legitimate and arguable reason to deny the claim implicates an issue of fact that cannot be resolved on a motion to dismiss.

With respect to Count I, the negligence claim, Plaintiff Engel has alleged that Defendant Liberty Insurance Corporation (Liberty) assumed a duty of care when Liberty selected, retained

1

and allegedly "controlled" the contractors that repaired Plaintiff Engel's home. However, as in Norman v. Liberty Mut. Fire Ins. Co., 471 F.Supp.3d 1225, 1239 (N.D. Ala. 2020), Plaintiff Engel has:

> not provided any indication as to how Liberty Mutual breached the standard of care emanating from that supposed duty, or even how a supposed breach caused the alleged defects rather than [contractor's] remediation. In essence, Plaintiff['s] theory as to the voluntary undertaking of a duty merely places Liberty Mutual in the shoes of the Plaintiff[], not [the contractor]…In that guise, the court cannot impute [the contractor's] alleged negligence to Liberty Mutual, just as one could not impute [the contractor's] transgressions to Plaintiff[] if [he] had retained supervision over the rebuild project.

471 F.Supp.3d at 1239. And, to the extent that Plaintiff Engel relies on vicarious liability, his allegations do not plausibly support this claim. As explained in Norman:

> Vicarious liability arises from the right of supervision and control over the manner of the alleged agent's performance. Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala. 2003). Generally, one is liable for the actions of an agent but is not liable for the actions of an independent contractor. Gonzalez, LLC v. DiVincenti, 844 So.2d 1196 (Ala. 2002).

471 F.Supp.3d at 1239, n.9. Plaintiff Engel has failed to allege sufficient facts that would support a claim that Liberty is vicariously liable for the actions of the contractors that they hired to repair Plaintiff Engel's home.

Accordingly, it is **ORDERED** that Defendant Liberty Insurance Corporation's partial motion to dismiss (Doc. 50) is **DENIED** as to Plaintiff Engel's bad faith claim (Count III) and **GRANTED** as to Plaintiff Engel's negligence claim (Count I).

**DONE** and **ORDERED** this the **29th** day of **January 2021**.

    s / Kristi K. DuBose
    **KRISTI K. DuBOSE**
    **UNITED STATES DISTRICT JUDGE**