IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ENGEL,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:20-00082-KD-N |
| | ) |
| LIBERTY INSURANCE<br>CORPORATION, *et al.*,<br>    Defendants. | )<br>)<br>) |

## ORDER

This action is before the Court on the "Motion to Stike [sic] Plaintiff's Rule 26(a)(2)(B) Expert Reports" (Doc. 107), construed as a motion to exclude the Plaintiff's expert testimony under Federal Rule of Civil Procedure 37(c)(1), filed by Defendant Liberty Insurance Corporation, Complete DKI (identifying itself as "Pro Construction, LLC d/b/a Complete DKI), and Alacrity Services (identifying itself as "Alacrity Renovation Services, LLC") (collectively, "Defendants"). The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/4/2021 electronic reference). In accordance with the Court's briefing schedule (Docs. 108, 110, 115), the Plaintiff, Mark Engel, timely filed a response (Doc. 111) in opposition to the motion, and Defendants have timely filed a reply (Doc. 116) to the response. The motion is now under submission and ripe for disposition. Upon due consideration, the undersigned finds that Defendants' motion is due to be **DENIED**.

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or is harmless." Relevant to the present motion, Rule 26(a)(2) requires that party "disclose to the other parties the identity of any witness it may use at trial to present [expert testimony] under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Generally, "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony[,]" with the written report to contain certain specified information. Fed. R. Civ. P. 26(a)(2)(B). However, if the expert witness is not one that is required to provide a written report under Rule 26(a)(2)(B)—i.e., is *not* a witness "retained or specially employed to provide expert testimony in the case or … whose duties as the party's employee regularly involve giving expert testimony"—then the disclosure for that witness need only "state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quotation omitted). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Id.* at 1266 (quotation omitted). *See also* Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment ("Revised Rule 37(c)(1)

provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.").

Rule 26(a)(2)(D) sets a default time for Rule 26(a)(2) expert disclosures "[a]bsent a stipulation or a court order…" Under the Court's Federal Rule of Civil Procedure 16(b) scheduling order, Engel's Rule 26(a)(2) expert disclosures were to be made by December 28, 2020, except for his disclosures intended solely to contradict or rebut, *see id.* Rule 26(a)(2)(D)(ii), which are due April 28, 2021. (*See* Doc. 90, PageID.846; Doc. 99, PageID.896). Per the Defendants' motion, Engel timely served Rule 26(a)(2) disclosures for three non-rebuttal experts: Gabe Nolfe Drywall, Gulf States General Contractors, and Barton & Shumer Engineering, LLC (collectively, "the Engel Experts").

Defendants argue that the Engel Experts should be precluded from giving testimony in this action because Engel failed to produce a written report for any of them that complies with the requirements of Rule 26(a)(2)(B). In response, Engel does not contest that his disclosures fail to satisfy Rule 26(a)(2)(B), but contends that the Engel Experts were not required to provide detailed reports under that rule because they were not retained or specially employed to provide expert testimony in this case.[1] Rather, Engel represents that the Engel Experts "were retained prior to any litigation being initiated …to inspect [the property that is the subject of this litigation], inspect the damage manifesting itself inside the [subject property], and the cost to repair said damage[,]" with "[t]wo (2) of the three (3) … also retained to determine why these damages were occurring." (Doc. 111, PageID.984). Engel likens their testimony to that of a plaintiff's treating physician, who "can be deposed or

---

[1] It appears undisputed that no Engel Expert is an employee of Engel whose duties regularly involve giving expert testimony.

called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment.

As the Ninth Circuit Court of Appeals has explained, treating physicians "are a species of percipient witness[ who] are not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011). Essentially, then, the category of experts excluded from Rule 26(a)(2)(B)'s detailed report requirement are those "who are testifying as fact witnesses, although they may also express some expert opinions…" *Day v. Consol. Rail Corp.*, No. 95 CIV. 968 (PKL), 1996 WL 257654, at *2 (S.D.N.Y. May 15, 1996) (agreed with *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (per curiam)). *See also* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony."). On the other hand, where an expert only "provid[es] a technical evaluation of evidence he had reviewed in preparation for trial[,]" but "ha[s] no connection to the specific events underlying th[e] case apart from his preparation for this trial[,]" and "no direct, personal knowledge of any of the[] facts, his role was simply not analogous to that of a treating physician, the example offered by the Advisory Committee of an employee exempt from the written report requirement." *Prieto*, 361 F.3d at 1318-19. *See also Caruso v. Bon Secours Charity Health Sys., Inc.*,

703 F. App'x 31, 33 (2d Cir. 2017) (unpublished) ("The report requirement in Rule 26(a)(2)(B) does not turn solely on an expert's compensation or lack thereof. Rather, the more relevant distinction is between an expert who happened to have personal involvement with the events giving rise to litigation and an expert whose only involvement consists of aiding the already-initiated litigation." (citing Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment, and *Prieto*, 361 F.3d at 1318, among other authority)).[2]

The undersigned finds the First Circuit Court of Appeals's decision in *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011), to be instructive in this case. There, after experiencing skin irritation and then discovering an insect outbreak in their home, the plaintiffs had their home inspected by Edward Gordinier, a licensed exterminator. *Downey*, 633 F.3d at 3. Gordinier's inspection revealed bedbugs in a bed frame purchased by the plaintiffs from the defendant several months prior; Gordinier contemporaneously produced an incident report summarizing his findings. *Id.* The plaintiffs subsequently brought suit against the

---

[2] The parties' arguments about whether the Engel Experts are "hybrid witnesses" who will give both lay testimony under Federal Rule of Evidence 701 and expert testimony under Federal Rules of Evidence 702, 703, and/or 705 are largely beside the point. Engel concedes that the Engel Experts will offer expert testimony, and even witnesses not required to provide a report under Rule 26(a)(2)(B) can still give expert testimony so long as they were otherwise properly disclosed under Ruel 26(a)(2). *See* Fed. R. Civ. P 26(a)(2)(A) & (C). The question relevant to the present motion is whether the Engel Experts were "retained or specially employed to provide expert testimony in the case" such that the heightened disclosure requirements of Rule 26(a)(2)(B), rather than the lesser requirements of Rule 26(a)(2)(C), apply to them.

In their reply, Defendants argue for the first time that Engel has not shown the Engel Experts are properly qualified under Federal Rule of Evidence 702. (*See* Doc. 116, PageID.1005-1006). Because Defendants did not raise that issue in their opening brief, the undersigned declines to consider it in connection with the present motion.

defendant for negligence, breach of implied warranties, and violations of state consumer protection law. *Id.* at 3-4. The plaintiffs designated Gordinier as an expert witness but did not produce a written report for him under Rule 26(a)(2)(B), instead maintaining that he "had not been retained or specially employed as an expert…." *Id.* at 4.

The district court granted the defendant's motion in limine to exclude at trial Gordinier's opinion testimony due to the plaintiffs' failure to produce a Rule 26(a)(2)(B) report for him. *Id.* Gordinier was called as the plaintiffs' first trial witness and related details of his inspection of the premises. *Id.* However, on the defendant's objection, the district court reaffirmed its pretrial ruling and prohibited the plaintiffs from pursing Gordinier's opinion testimony as to the cause of the bedbug infestation. *Id.* at 4-5. The district court subsequently granted the defendant's motion for judgment as a matter of law at the close of the plaintiffs' case in chief, finding that the plaintiffs had not offered sufficient evidence to show either that bedbugs existed in the furniture at the time it was delivered, or that the defendant breached the relevant standard of care. *Id.* at 5.

The First Circuit reversed the district court's exclusion of Gordinier's opinion testimony, holding that it incorrectly concluded that the plaintiffs were required to produce a Rule 26(a)(2)(B) report for it. The First Circuit explained:

> As the text of Rule 26(a)(2)(B) makes plain, the rule covers two types of experts: (i) "retained or specially employed" experts who meet certain criteria and (ii) employees of a party who meet certain criteria. Fed. R. Civ. P. 26(a)(2)(B). Because there is no suggestion that Gordinier was regularly employed by the plaintiffs, the lens of our inquiry narrows to whether he was "retained or specially employed."

The circumstances suggest that he was not. For one thing, there is no evidence that Gordinier was a person who held himself out for hire as a purveyor of expert testimony. For another thing, there is no evidence that he was charging a fee for his testimony.

In order to give the phrase "retained or specially employed" any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. It is this difference, we think, that best informs the language of the rule.

This point is most aptly illustrated by the distinction that courts have drawn between treating physicians and physicians recruited for the purpose of giving expert opinion testimony. The advisory committee specifically uses this distinction to illustrate the type of witness exempted from the written report requirement. *See* Fed. R. Civ. P. 26 advisory committee's note. Courts have followed suit. *See, e.g., Gomez*[ *v. Rivera Rodríguez*], 344 F.3d [103,] 113 [1st Cir. 2003)].

This analogy is persuasive here. Like a treating physician—and unlike a prototypical expert witness—Gordinier was not retained or specially employed for the purpose of offering expert opinion testimony. Rather, he was "an actor with regard to the occurrences from which the tapestry of the lawsuit was woven." *Id.* Put another way, his opinion testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation. Thus, he falls outside the compass of Rule 26(a)(2)(B). *See Fielden v. CSX Transp., Inc.,* 482 F.3d 866, 869 (6th Cir. 2007).

In an effort to blunt the force of this reasoning, the defendant contends that Gordinier should be considered "retained" because his inspection reports do not indicate that he deduced the cause of the infestation in the process of inspecting and treating the plaintiffs' premises. *See, e.g., Meyers v. Nat'l R.R. Pass. Corp.,* 619 F.3d 729, 734 (7th Cir. 2010). This contention misperceives both the law and the facts.

Interpreting the words "retained or specially employed" in a common-sense manner, consistent with their plain meaning, we conclude that as long as an expert was not retained or specially

employed in connection with the litigation, and his opinion about causation is premised on personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B). *See id.* at 734–35; *Garcia v. City of Springfield Police Dep't,* 230 F.R.D. 247, 249 (D. Mass. 2005); *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78, 81 (D.N.H. 1998). This sensible interpretation is also consistent with the unique role that an expert who is actually involved in the events giving rise to the litigation plays in the development of the factual underpinnings of a case. Finally, this interpretation recognizes that the source, purpose, and timing of such an opinion differs materially from the architecture of an opinion given by an expert who is "retained or specially employed" for litigation purposes.[3]

Consequently, where, as here, the expert is part of the ongoing sequence of events and arrives at his causation opinion during treatment, his opinion testimony is not that of a retained or specially employed expert. *See, e.g., In re Aredia & Zometa Prods. Liab. Litig.,* 754 F. Supp. 2d 934, 937–38, No. 3:06–MD–1760, 2010 WL 4970910, at *2 (M.D. Tenn. Dec.7, 2010); *Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y. 1995). If, however, the expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B). *See Stanley Martin Cos. v. Univ'l Forest Prods. Shoffner LLC,* 396 F. Supp. 2d 606, 619 n.8 (D. Md. 2005); *Garcia,* 230 F.R.D. at 249.

We pause to take stock. While we acknowledge that the difference between an opinion formulated by an on-the-scene expert during treatment (e.g., by a treating physician) and one formulated by an expert hired in anticipation of testimony does not leap off the page, a close reading of the text of Rule 26(a)(2)(B) convinces us that this is the precise distinction that the drafters of the rule had in mind. We apply

---

[3] The First Circuit rejected the defendant's suggestion "that this rule encompasses a requirement that the causation testimony must have been necessary to the treatment[,]"noting that "a few district courts have held that a report is required for causation testimony that was not necessary to the treatment" but that "most courts do not draw such a distinction." *Downey,* 633 F.3d at 7 n.3. The First Circuit accepted the "majority view and adhere[d] to the distinction explicitly drawn by Rule 26—a distinction that is based on the role the witness has played in the case." *Id.*

> that distinction here. We add, in fairness to the district court, that this distinction was blurred by the plaintiffs' initial designation of Gordinier as both a fact witness and an expert. Nevertheless, after a careful examination of the record, we are satisfied that the distinction between the two types of experts was argued by the plaintiffs in the court below with sufficient clarity to preserve the claim of error. Given that the claim of error has been preserved, what remains is to apply Rule 26(a)(2)(B) as we have parsed it to the case at hand.
>
> Gordinier was called to the plaintiffs' home to inspect and treat the infestation. On the day after his initial inspection, he prepared and transmitted a report to the defendant in hopes of convincing the defendant to accept responsibility and defray the costs of extermination (treatment). This sequence of events leaves no doubt but that Gordinier formed his opinion about causation (that is, about the defendant's responsibility for the infestation) based on his personal knowledge and information gleaned in the course of his initial inspection and related efforts to remediate the problem. Accordingly, the report requirement of Rule 26(a)(2)(B) did not pertain to Gordinier's causation opinion. *See Brandt Distrib. Co. v. Fed. Ins. Co.,* 247 F.3d 822, 825–26 (8th Cir. 2001); *Garcia,* 230 F.R.D. at 249. The district court, therefore, abused its discretion in excluding the proffered testimony on this ground.

*Id.* at 6–8 (footnotes omitted).

Here, Engel's claims arise out of allegedly defective mitigation and repair work performed on his house by Complete DKI and Alacrity Services at the direction of Liberty. The complaint alleges that Engel retained the Engel Experts to inspect the defective repair work after it became apparent, and before this lawsuit was filed. (Doc. 1-2 ¶¶ 22-24, PageID.28). Gabe Nolfe "looked at the drywall and gave an estimate of what it would take to repair[;]" Barton & Shumer "stated in detail how the work had been improperly performed on the house and how the damage would continue to get worse due to the improper repairs[;]" and Gulf States "determine[d] what steps needed to be taken in order to properly repair the house." (*Id.*). Moreover, the same documents that Engel provided as Rule 26(a)(2) disclosures for the Engel

Experts were attached as exhibits to the complaint, and all predate its filing. (*Compare id.*, PageID.36-73, with Docs. 107-1, 107-2, 107-3). Only after the Engel Experts had conducted their inspections and provided Engel their various reports did Engel contact Liberty to "request[] the house be properly repaired." (Doc. 1-2 ¶ 25, PageID.28).

The Engel Experts' involvement here is similar to the "treatment" provided by exterminator Gordinier in *Downey*. At present, there is no cause to believe that the Engel Experts will offer testimony beyond that related to their pre-suit inspections of the specific property at issue in this lawsuit. *Cf. Goodman*, 644 F.3d at 819–20 ("In this case, the plaintiff's treating doctors not only rendered treatment, but after the treatment was concluded, these very same doctors were provided with additional information by plaintiff's counsel and were asked to opine on matters outside the scope of the treatment they rendered … We hold today that when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)."); *Downey*, 633 F.3d at 8 n.5 ("Conceivably, in some cases an on-the-scene expert whose views are not subject to the written report requirement of Rule 26(a)(2)(B) might also be retained or specially employed to develop *additional* opinions for purposes of trial (and would, to that extent, trigger the written report requirement). We need not dwell on this possibility, however, as the situation presented here does not appear to cross that line."); *Nat'l R.R. Passenger Corp. v. Ry. Express, LLC*, 268 F.R.D. 211, 216–17 (D. Md. 2010) ("[A] party may not circumvent the requirements of Rule 26 by employing a witness, like a treating physician who treated an injured party, to provide testimony extending into classic expert opinion

regarding causation and prognosis. For example, in [one case], testimony about the day-to-day ordinary operation of a boring machine as observed by witnesses was not subject to expert report requirements, but testimony by the same witnesses as to the effects a guard would have had in preventing an accident on the machine required an expert report. Similarly, where employees have no connection to the specific events underlying the case, or have reviewed information solely in preparation for litigation, they must produce expert reports." (citations omitted)); *Thomas v. Consol. Rail Corp.*, 169 F.R.D. 1, 2 (D. Mass. 1996) ("Even where a physician has treated the plaintiff, disclosure of an expert report will be required where the witness' testimony was not based on his observations during the course of treating the plaintiff. In other words, a treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for purposes of Rule 26(a)(2)."). Accordingly, the undersigned finds that the Engel Experts were not "retained or specially employed to provide expert testimony" in this case, but rather are connected to the specific events underlying the case and are therefore "fact witnesses [that] may also express some expert opinions." The Engel Experts were therefore not required to provide detailed reports under Rule 26(a)(2)(B), and Defendants offer no argument that Engel failed to meet the disclosure requirements of Rule 26(a)(2)(C) for any of them.[4]

---

[4]    Both Rule 26(a)(2)(B) and Rule 26(a)(2)(C) allow for exceptions from their requirements if "otherwise stipulated" by the parties—which no party contends has occurred—or "ordered by the court." Here, the Court's Rule 16(b) scheduling order required that expert disclosures comply with both Federal Rule 26(a)(2) and S.D. Ala. Civil Local Rule 26(b). (*See* Doc. 46, PageID.454; Doc. 90, PageID.846; Doc. 99, PageID.895). Civil Local Rule 26(b) provides, in relevant part, that a "person, including a treating physician, who has not been retained or specially employed to provide expert testimony, or whose duties as the party's employee do not regularly involve giving expert testimony, may be used to present evidence under Fed. R. Evid.

Defendants do point out that Engel has failed to disclose the identities of the actual persons who will give expert testimony on behalf of Gabe Nolfe and Gulf States.[5] *Cf. Goncharenko v. Royal Caribbean Cruises, Ltd.*, 734 F. App'x 645, 646-47 (11th Cir. 2018) (per curiam) (unpublished) (affirming the district court's exclusion of the plaintiff's expert witnesses under Rule 37(c)(1) where the "only timely purported disclosure did not even include names[,]" instead merely referencing "the medical providers" whose records were provided to the defendant during discovery). However, Engel has provided these entities' names, and under Federal Rule of Civil Procedure 30(b)(6), the Defendants can require those entities to designate one or more representatives to give testimony relevant to this matter at deposition. Accordingly, to the extent it was error for Engel to disclose only the names of organizations as experts, rather than specific individuals, such error was "harmless" and therefore does not warrant sanctions under Rule 37(c)(1).

In accordance with the foregoing analysis, and under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and S.D. Ala. GenLR 72(a)(2)(S), Defendants'

---

702, 703, or 705 *only if the party offering the evidence discloses to every other party the information identified in Fed. R. Civ. P. 26(a)(2)(B)(i)*, although a report written and signed by the witness is not required." S.D. Ala. CivLR 26(b)(1)(B) (emphasis added).
    However, while the Defendants have argued that the Engel Experts' reports fail to satisfy Federal Rule 26(a)(2)(B)(i), they do not even reference Civil Local Rule 26(b) in their briefing, much less argue that the Engel Experts' testimony should be precluded for violating that local rule. Accordingly, the Defendants have waived consideration of that issue, at least for purposes of the present motion.

[5] The report disclosed by Engel for Barton & Shumer is signed by Russell S. Barton, P.E. (*see* Doc. 107-3, PageID.976), and the Defendants appear to accept this as sufficient to disclose the identity of the expert witness who will give testimony on behalf of that entity.

"Motion to Stike [sic] Plaintiff's Rule 26(a)(2)(B) Expert Reports" (Doc. 107) is **DENIED**.

**DONE** and **ORDERED** this the 12th day of April 2021.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**